IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA BELTON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. _____ |
| | : |
| INTERSTATE REALTY | : |
| MANAGEMENT CO. d/b/a THE | : |
| MICHAELS ORGANIZATION, | : |
| | : |
| Defendant. | : |

**NOTICE OF REMOVAL**

Defendant, Michaels Management-Affordable, LLC (formerly known as Interstate Realty Management Co. d/b/a The Michaels Organization) (hereinafter "Defendant" or "MMA"), by and through its undersigned counsel, hereby files this Notice of Removal of the above-captioned case from the Court of Common Pleas of Lackawanna County, Pennsylvania, in which this case is now pending, to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and in support thereof, avers as follows:

1. Plaintiff Debra Belton ("Plaintiff") commenced this action against MMA by Complaint filed in the Court of Common Pleas of Centre County, Pennsylvania, on June 25, 2025, docketed at 2025-04737 (hereinafter "State Action"). A copy of the Complaint ("Compl.") is attached hereto as Exhibit ("Ex.") A.

2. According to the docket, the Complaint was served on MMA via certified mail on July 7, 2025. A copy of the State Action Docket is attached as Ex. B.

3. MMA received the Complaint on July 14, 2025. Compl., Ex. A.

4. MMA is the only defendant in this matter.

5. To date, the Complaint and Affidavit of Service are the only filings on the State Action docket. State Action Docket, Ex. B.

6. The Complaint avers that Plaintiff is a resident of the State of New York. Compl. at ¶ 1, Ex. A.

7. The Complaint avers that Interstate Realty Management Co. "is a business with its corporate office located at 2 Coope St., Camden, New Jersey 08102. Compl. at ¶ 2, Ex. A.

8. In or around April 2019, Interstate Realty Management Co. underwent reorganization and the merged/surviving entity is MMA. Declaration of Matt Sullivan ("Sullivan Decl.") at ¶ 3, attached hereto as Ex. C.

9. MMA is a New Jersey limited liability company with its principal place of business at 2 Cooper Street, Camden, New Jersey 08102. Sullivan Decl. at ¶ 4, Ex. C.

10. MMA is the property manager of the Village Park Apartments in Scranton, Pennsylvania. Sullivan Decl. at ¶ 6, Ex. C.

11. The United States District Court for the Middle District of Pennsylvania embraces Lackawanna County and, therefore, removal to this Court is proper under 28 U.S.C. § 1441(b).

12. This Court has diversity of citizenship jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a) because this is a suit between citizens of different states and there is a reasonable possibility the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Removal is timely under 28 U.S.C. § 1446(b) as it is being filed within thirty days of service of original process.

## DIVERSITY JURISDICTION

14. Complete diversity of citizenship exists between Plaintiff (a resident of New York) and Defendant (a resident of New Jersey) in accordance with 28 U.S.C. §§ 1332(a) and 1441(b).

15. Plaintiff resides in the State of New York, Compl. at ¶ 1, Ex. A., and thus, is deemed to be a citizen of New York. *Reid v. Albizem*, Civil Action No. 13-4448, 2014 WL 2915883, at *2 (E.D. Pa. June 25, 2014) ("Individuals are deemed to be citizens of the State wherein they reside.").

16. MMA, formerly known as Interstate Realty Management Co., is a New Jersey limited liability company with its principal place of business in New Jersey. Sullivan Decl. at ¶ 4, Ex. C. For purposes of diversity jurisdiction, the citizenship

3

of a limited liability company is determined by looking to the citizenship of its members. *Zambelli Fireworks Mfg. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). The sole members of MMA are Michaels Affordable Holding, Inc. and Michaels Lifting Lives, LLC, both of which are New Jersey companies with their principal places of business in New Jersey. Sullivan Decl. at ¶ 5, Ex. C.

## AMOUNT IN CONTROVERSY

17. There is a reasonable probability that the amount in controversy in this action exceeds $75,000 as required by 28 U.S.C. § 1332(a).

18. The amount in controversy is generally determined by the complaint itself. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). "When a complaint does not limit its request to a precise monetary amount, the court must independently appraise the claim's value to determine if it satisfies the amount in controversy requirement." *Hocker v. Kurfeld*, Civil Action No. 15-04262, 2015 WL 8007463, at *2 (E.D. Pa. Dec. 7, 2015).

19. Here, Plaintiff asserts that she "suffered serious, permanent injuries including, but not limited to, a moderate grade injury of the anterior talofibular ligament (ATFL), the calcaneofibular ligament (CFL), and the posterior talofibular ligament (PTFL) to her right ankle." Compl. at ¶ 7, Ex. A.

20. Plaintiff further asserts she has sustained right ankle pain, contusion to the right ankle, and tenosynovitis. Compl. at ¶ 15, Ex. A

21. In addition to pain and suffering, Plaintiff seeks recovery for medical expenses, "a permanent diminution in her ability to enjoy life and life's pleasures, in that she is unable to engage in many of the activities she engaged in prior to the accident," and "a permanent diminution in her earning capacity, in that she is unable to engage in employment she engaged in prior to the accident." Compl. at ¶¶ 16-19, Ex. A.

22. Plaintiff's ad damnum clause seeks damages "in excess of the jurisdictional arbitration limit of $50,000.00." Compl. at p. 4, Ex. C.

23. Based on the allegations of severe and permanent injuries and damages, there is a reasonable probability that the amount in controversy is in excess of the $75,000 jurisdictional requirement, exclusive of interest in costs. *Hatchington v. State Farm Ins. Co.*, Civil Action No. 13-2880, 2013 WL 3479436, at *2 (E.D. Pa. July 11, 2013) (removal appropriate where there is a "reasonable probability" that the amount in controversy exceeds the jurisdictional amount); *Hocker*, 2015 WL 8007463 at *2 (finding amount in controversy exceeded $75,000 where complaint alleged serious medical injuries and medical costs).

24. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity of citizenship and there is a reasonable probability that the amount in controversy exceeds $75,000.

## ADDITIONAL REQUIREMENTS FOR REVMOAL

25.　A copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Lackawanna County, Pennsylvania and is being served upon Plaintiff pursuant to 28 U.S.C. § 1446(d).

26.　All pleadings, process, orders, and other filings in the State Action are attached to this Notice of Removal as Exhibit A, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Notice is given that the State Action is removed from the Court of Common Pleas of Lackawanna County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI LLP**

BY: */s/ Sara Anderson Frey*
　　Sara Anderson Frey [PA ID 82835]
　　Three Logan Square
　　1717 Arch Street, Suite 610
　　Philadelphia, PA 19103
　　(215) 717-4009
　　(215) 693-6650 (facsimile)
　　sfrey@grsm.com

Date: August 5, 2025　　　　　　　　　Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, Sara Anderson Frey, hereby certify that on August 5, 2025, a true and correct copy of the foregoing Notice of Removal was served upon the following via first class mail and/or electronic mail:

Joseph S. Toczydlowski, Esquire
Toczydlowski Law Office
723 North Main Street
Archbald, PA 18403
joe@tozlawmail.com

*/s/ Sara Anderson Frey*
Sara Anderson Frey